**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARDIE D. NOLON,

      Plaintiff - Appellant,

v.

TOM C. MARTIN, FRANKLIN
FREEMAN, SUSAN WINCHESTER,
JODY C. McMILLIN,

      Defendants - Appellees.

No. 98-6443

(W.D. Oklahoma)

(D.C. No. CV-97-959-A)

**ORDER AND JUDGMENT** *

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ardie D. Nolon, a North Carolina state prisoner appearing pro se and in forma pauperis, brought this 42 U.S.C. § 1983 action claiming that officials and employees of the Great Plains Correctional Facility (GPCF), a private prison facility in Hinton, Oklahoma, and the former secretary of the North Carolina Department of Corrections violated his civil rights. He now appeals the district court's grant of summary judgment in favor of the defendants. We affirm.

Nolon claims that the defendants violated the constitutional prohibition against ex post facto laws when they allegedly illegally kidnaped him from a North Carolina prison and transferred him to GPCF where he was incarcerated for approximately thirteen months. He further alleges that, during his incarceration at GPCF, facility officials and employees violated his constitutional rights, including his rights under the Due Process Clause and the Fourth, Fifth, and Sixth Amendments. Following the defendants' motion for summary judgment, the matter was referred to a magistrate judge who issued a report recommending that the defendants' motion be granted. R. Tab 48. Thereafter, Nolon filed a general objection to the magistrate judge's report. [1]

---

[1]The objection provided as follows:

Objection to all the Findings and Recommendation entered by the Magistrate Judge that are unfavorable to the Plaintiff, as is more fully explained as follows: that the U.S. Magistrate Judge's Report and Recommendation is in violation of the recent U.S. Supreme

(continued...)

The district court noted that Nolon's objection was ineffective.  R. Vol. I, Tab 53 at 1 (citing  United States v. One Parcel of Real Property   , 73 F.3d 1057, 1059 (10th Cir. 1996)).  Finding that Nolon had "waived any further review by this Court of the factual and legal issues contained in the recommendation," the district court nonetheless conducted a de novo review before adopting the magistrate judge's report and recommendation.     Id. at 1-2.

As the district court correctly noted, our opinion in      One Parcel of Real Property , 73 F.3d at 1060, provides that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for . . . appellate review."  Thus, Nolon's general objection is not sufficient to preserve the specific issues he attempts to raise on appeal.

---

[1](...continued)
Court ruling as to the weight an inmate [has to] over-come in order
to sue correctional officials under 42 U.S.C. § 1983.

Plaintiff is a layman of law, unable to secure counsel/legal counsel,
and was not appointed counsel by U.S. Magistrate Judge.

Plaintiff therefore requests that the objections be liberally construed,
and that the District Court Judge review the Findings and
Recommendation for the errors specified herein and any others for
the truth and facts that may be found to have occurred, and further,
that plaintiff be appointed counsel to represent him in further
proceedings, and that the relief sought in this civil right[s] complaint
be granted.

R. Tab 52.

Moreover, having reviewed the record, we conclude that the interests of justice do not warrant lifting the bar of appellate review here. [2] See One Parcel of Real Property, 73 F.3d at 1060-61; Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Accordingly, we hold that Nolon has waived appellate review by failing to make specific objections to the magistrate judge's report and recommendation, and, therefore, we do not address his arguments.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2]However, even if we did find that the interests of justice required us to address the merits, we would conclude that the magistrate judge's recommendation, which the district court adopted, correctly found that the defendants were entitled to summary judgment as a matter of law. Thus, on a merits review, we would affirm for substantially the same reasons the magistrate judge set forth in his recommendation.