**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY JOE HESS,

    Petitioner - Appellant,

vs.

STEPHEN KAISER; STATE OF
OKLAHOMA, et al.,

    Respondents - Appellees.

No. 00-5022
(D.C. No. 99-CV-230-K)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

    Petitioner-Appellant Billy Joe Hess, an inmate appearing pro se,

seeks to appeal from the denial of his habeas petition, 28 U.S.C. § 2254. He was

convicted in Oklahoma state court of one count of Second Degree Burglary and

two counts of Knowingly Concealing Stolen Property. The court sentenced him

to twenty years of imprisonment on each count, to be served consecutively. Mr.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Hess' conviction was affirmed on direct appeal by the Oklahoma Court of Criminal Appeals, and the instant petition was timely filed on March 29, 1999. Mr. Hess raised the three claims which had been denied by the OCCA on direct appeal; namely (1) the admission of a co-defendant's statement violated his Sixth Amendment right to confront and cross-examine witnesses; (2) prosecutorial misconduct; and (3) the judge's decision to run his sentences consecutively was excessive and should be modified to run concurrently.

The magistrate judge recommended that Mr. Hess' petition be denied on the merits. Mr. Hess sought, and received, a thirty day extension for filing his objections to the magistrate's report. He timely filed a "Response in Opposition to the Report and Recommendation" on January 3, 2000, which consisted of: (1) copies of pages from his July 14, 1999 reply to the Oklahoma Attorney General's response and from his December 19, 1997 brief before the OCCA; and (2) a conclusion which stated:

> By all accounts, it appears that the Court have [sic] interjected his personal regards into this proceeding, and have [sic] failed to objectively consider the obvious Due Process violations of Petitioner's Rights relating to the wrongful forfeiture of his liberty in violation of those rights. Accordingly, the Report and Recommendation should be overruled in its entirety.

R. doc. 19 at 2. The district court held that this was merely a general objection and, after a review of the magistrate's report, adopted it in full.

This Circuit follows the "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). In United States v. 2121 East 30th Street, 73 F.3d 1057 (10th Cir. 1996), we held that these objections must be specific and enable "'the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" Id. at 1059 (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). A general objection does not comport with the principles of judicial economy underlying review by the magistrate judge, and will therefore, serve as a waiver of appellate review, absent principles of justice which warrant otherwise.

Mr. Hess' objection to the magistrate report cannot be characterized as anything but general. The vast majority of his objection was nothing more than a copy of his previous briefs to the court. See 2121 East 30th Street, 73 F.3d at 1060 (holding that party's request that district court reconsider the magistrate's recommendation in light of "'the motions, exhibits, testimony[,] briefs, and arguments'" was general and waived appellate review (citation omitted)). Moreover, Mr. Hess' conclusion does not address any specific problem with the recommendation, but implies that the magistrate was somehow biased in his assessment. Such a conclusory allegation is not sufficient to preserve issues for

appeal.

In his brief requesting a certificate of appealability, Mr. Hess does not point to any interests of justice which would counsel against application of the firm waiver rule to his case, and our independent review of the record does not reveal any. Accordingly, Mr. Hess has waived appellate review by failing to make specific objections to the magistrate's report and recommendation, and we do not address the merits of his claims.[1]

We DENY a certificate of appealability and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1]However, even were we to reach the merits of the case, we would affirm for substantially the reasons given by the magistrate judge.