**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 7 2001**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

ALFRED J. ELLICK,

      Defendant - Appellant.

No. 00-2163
(D.C. No. CIV-99-997-JC)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Mr. Ellick seeks to appeal from the dismissal with prejudice of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. After he failed to object to the magistrate judge's proposed findings and recommended disposition, the district court denied the motion and dismissed the action with prejudice.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Mr. Ellick was convicted by a jury of conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. § 846, and sentenced to 151 months. His conviction and sentence were affirmed on direct appeal. United States v. Ellick, No. 97-2163, 1998 WL 794971 (10th Cir. Nov. 16, 1998). On February 1, 2000, the magistrate judge issued his proposed findings and recommended disposition that the motion be denied and the case dismissed with prejudice. Doc. 11. The magistrate informed Mr. Ellick of his ten days to object. 28 U.S.C. § 636(b)(1). Mr. Ellick then sought a 90-day extension in which to object, filed two motions requesting discovery, one requesting a psychological test, and one for a stay of proceedings. On March 14, 2000, the magistrate judge granted Mr. Ellick until April 10, 2000 to file his objections, and denied the other motions. Rather than file objections, seven days after the April 10, 2000, deadline, Mr. Ellick then filed motion for leave to amend. On April 26, 2000, the district court adopted the proposed findings and recommended disposition and entered judgment.

Mr. Ellick has filed a motion to expand the record, contending that he has justification for failing to object. First, he relies on a letter to the district court clerk asking that copies be mailed not only to him, but also to the "National Litigation Consultation" so that he might be assisted. Also included is an unsigned letter from "National Litigation Consultation," dated March 28, 2000, advising Mr. Ellick that "we need to appeal the denial of the motions," and

indicating that an answer to the magistrate judge would be forthcoming.

Although the waiver rule may be excused in the interests of justice, United States v. One Parcel of Real Prop., 73 F.3d 1057, 1060-61 (10th Cir. 1996), we are not persuaded that it should be excused here. There is no constitutional right to counsel in § 2255 proceedings. Coleman v. Thompson, 501 U.S. 722, 752 (1991) (§ 2254); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990). Although Mr. Ellick contends that he relied upon the "National Litigation Consultation Law Firm," at best the documents suggest a consulting service in lieu of inmate assistance. The failure to object is in no way excused merely because Mr. Ellick sought leave to amend his § 2255 motion two days after the deadline to object expired. See Doc. 18 at 2 (certificate of service). Mr. Ellick had from February 1, 2000, until April 10, 2000, to get his objections in–at some point during that period, it should have been apparent that those objections were not forthcoming from the "National Litigation Consultation." Moreover, in seeking the extension of time, Mr. Ellick never discussed additional legal assistance; rather, he urged the need for additional discovery.

The motion to expand the record is granted; the government's motion to delay filing of answer brief until certificate of appealability is issued is denied as moot. The application for a certificate of appealability is denied and the appeal is

dismissed.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge