**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES L. BROOKS,

Plaintiff-Appellant,

v.

HENRY E. COUCHMAN, JR.;
KENNETH E. MOORE; DELIA M.
YORK; WAYMAN FAVORS;
R. WAYNE LAMPSON; BRENDA
HIGHBERGER; JAMES
CHRISTOPHER ALLMAN;
FEDERAL BUREAU OF
INVESTIGATION; UNITED
STATES MARSHAL SERVICE;
SANDY GONZALEZ; DEBORAH
GRABER; DANIEL A. DUNCAN;
RYAN CARPENTER; T. N.
HYLTON; PHILIP SIEVE; DAVID J.
WAXSE,

Defendants-Appellees.

No. 05-3018
(D.C. No. 04-CV-2209-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant James L. Brooks appeals from two orders of the district court and from the corresponding judgment dismissing with prejudice his civil rights action against various federal, state, and local defendants.[1] We affirm.

The first order appealed from dismissed all but one of the defendants because of failure to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6).[2] The second order dismissed the remaining defendant and construed Mr. Brooks's motion for temporary injunction as a motion to recuse and denied it. We conduct a de novo review of dismissals under Rule 12(b)(6), *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999), and review refusals to recuse for abuse of discretion, *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n,* 328 F.3d 638, 645 (10th Cir. 2003). Based on these

---

[1]    To the extent Mr. Brooks attempts to appeal from two orders of the magistrate judge involved in this case, we note that he failed to file objections to those orders in the district court, and thus has waived any opportunity for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[2]    In addition to dismissing under Rule 12(b)(6), the district court analyzed some claims against some defendants under alternative rationales. Because we find the dismissals under 12(b)(6) to be correct, we need not address other theories supporting dismissal.

standards, we affirm the judgment of the district court for substantially the same reasons stated by that court in the orders appealed from.

With regard to the specific arguments made by Mr. Brooks and to the extent we can understand them, we note that two of his arguments have already been foreclosed by this court. *See Brooks v. Sauceda*, No. 00-3025, 2000 WL 1730892, at **2 (10th Cir. Nov. 22, 2000) (unpublished) (rejecting argument that he was entitled to a default judgment because defendants filed a motion to dismiss instead of an answer); *see also Brooks v. Graber*, 15 Fed. Appx. 764, 765-66 (10th Cir. 2001) (unpublished) (same and further rejecting Mr. Brooks's contention "that federal judges are boneheads while he is a legal scholar"); *Sauceda*, 2000 WL 1730892 at **3 (rejecting argument that certain local ordinances are bills of attainder).

As for his other arguments, Mr. Brooks failed to advance any factual support for his conclusory allegation that a conspiracy prompted the ten-day extension of time given the defendants in which to answer or otherwise defend. The district court properly determined its jurisdiction in both of the orders appealed from. The court did not abuse its discretion in striking Mr. Brooks's second amended complaint. Mr. Brooks's contention that certain orders issued by this court are fakes is unsupported and ludicrous. And finally, the district court was well within its discretion to refuse to recuse.

As alluded to above, we have expended valuable court resources on at least two separate occasions dealing with Mr. Brooks and his various meritless theories. We repeat our sentiment expressed in *Graber*, 15 Fed. Appx. at 766: "We will spend no more judicial time or resources addressing his frivolous claims." Our local rule 46.5(D) permits this court, on its own motion, to impose an appropriate sanction against any person who brings frivolous arguments on appeal. Those sanctions can include a monetary fine and/or an order to pay the reasonable expenses of the opposing party, including attorney's fees. We take this occasion to warn Mr. Brooks that, should he appear before this court at any time in the future with the same meritless arguments we have already rejected, he will be subject to the sanctions described above.

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge