**AMERICAN CAN COMPANY,
Plaintiff-Appellee,**

v.

**Ishwar MANSUKHANI, et al.,
Defendants-Appellants.**

**No. 82–2004.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 30, 1982.

Decided Dec. 30, 1982.*

Opinion Feb. 27, 1984.

---

* This appeal was originally decided by unreported order on December 30, 1982. 698 F.2d 1227. *See* Circuit Rule 35. The panel has subsequently decided to issue the decision as an opinion.

Andrew O. Riteris, Michael, Best, Friedrich, Milwaukee, Wis., for defendants-appellants.

Douglas W. Wyatt, New York City, for plaintiff-appellee.

Before PELL and BAUER, and TIMBERS,** Circuit Judges.

** Of the Second Circuit, by designation.

PER CURIAM.

This is an appeal from a permanent injunction enjoining appellants from selling commercial jet inks developed while Mansukhani was employed by appellee's predecessors and ordering the return of certain documents, including jet ink formulae, taken by Mansukhani while employed by the companies.

Mansukhani helped develop a number of jet inks while employed first by M & T Chemicals, a subsidiary of American Can Company, then by Axco, a French corporation, and finally by the Whittaker Corporation. Jet inks are used with machines that spray ink on a surface to be printed without making contact. After Whittaker sold all its interests in the jet ink business to American Can in 1980, Mansukhani left to organize a competing company. Some of the inks sold by his company were found to have the same composition as certain inks purchased from Whittaker by American Can.

Mansukhani claims that the district court erred in finding the composition of these inks, the "series 400," to be trade secrets, since they had been disclosed to the public in a number of patents. The particular series 400 inks in dispute, however, had not been patented. They differ significantly from the patented inks upon which Mansukhani relies. While others might have discovered such formulations, this is not a patent action and "obviousness" is not the benchmark. *See Ferroline Corp. v. General Aniline & Film Corp.,* 207 F.2d 912 (7th Cir.1953), *cert. denied,* 347 U.S. 953, 74 S.Ct. 678, 98 L.Ed. 1098 (1954).

The compositions of series 400 inks were not known to others in the industry. Steps were taken to guard their secrecy—notably confidentiality agreements employees were required to sign with M & T and with Whittaker. There was no dispute as to the value of the formulations, or with respect to the time and effort spent in developing them. Duplication was not so simple as to deprive the series 400 inks of trade secret status. A few sophisticated

competitors may have had the resources to analyze and reproduce the series 400 inks by fair means. Mansukhani, however, obtained the formulae pursuant to a confidential relationship. The fact that someone else might have discovered the secret by fair means does not protect him. *Goldberg v. Medtronic, Inc.,* 686 F.2d 1219, 1228 (7th Cir.1982); *Smith v. Dravo Corp.,* 208 F.2d 388, 390 (7th Cir.1953). American Can's series 400 inks satisfied the six-part test for trade secret status under Wisconsin law. *Abbott Laboratories v. Norse Chemical Corp.,* 33 Wis.2d 445, 147 N.W.2d 529 (1967). We agree with the district court that American Can satisfied its burden of proof on each element of this test. *Corroon & Black-Rutters & Roberts, Inc. v. Hosch,* 109 Wis.2d 290, 297–98, 325 N.W.2d 883, 887 (1982); *Nickelson v. General Motors,* 361 F.2d 196, 198 (7th Cir.1966).

Mansukhani clearly breached a confidential relationship in making independent use of the trade secrets. He was under a contractual duty to Whittaker not to disclose them. American Can, the rightful owner of those secrets, was entitled to commence this action to enjoin their unauthorized use or disclosure. *Black, Sivalls & Bryson, Inc. v. Keystone Steel Fabrication, Inc.,* 584 F.2d 946 (10th Cir.1978). An action for unauthorized use or disclosure of trade secrets sounds in tort; privity of contract is not required.

Appellants also claim that the district court abused its discretion in refusing to allow an eleventh-hour amendment of the pleadings, pursuant to which they sought to add a variety of cross-claims. The district court properly disallowed this obvious delaying tactic.

We affirm the order of the district court, substantially for the reasons set forth in Judge Warren's opinion dated June 18, 1982. 216 U.S.P.Q. (BNA) 1094 (E.D.Wis. 1982).

AFFIRMED.