73 F.3d 1057
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL OF REAL PROPERTY, WITH BUILDINGS, APPURTENANCES,
IMPROVEMENTS, AND CONTENTS, KNOWN AS: 2121 EAST
30TH STREET, TULSA OKLAHOMA; and One
1989 Cadillac 4-Dr. Fleetwood,
Defendants,
Gary B. Hobbs, J.B. Hobbs, Ethel Mae Hobbs, and Mary Kay
Hobbs, Claimants-Appellants.
 No. 94-5192.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 17, 1996.
 
 1
 Stephen C. Lewis, United States Attorney, Catherine Depew Hart, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.
 
 
 2
 Gary B. Hobbs, pro se.
 
 
 3
 J. Bryant Hobbs, pro se.
 
 
 4
 Mary Kay Hobbs, pro se.
 
 
 5
 Ethel Mae Hobbs, pro se.
 
 
 6
 Before TACHA and BARRETT, Circuit Judges, and WESLEY E. BROWN,* Senior District Judge.
 
 
 7
 WESLEY E. BROWN, Senior District Judge.
 
 
 8
 This case, which arises out of a civil forfeiture action, requires us to consider whether a general objection to a magistrate's report and recommendation will suffice to preserve a party's challenges to that report for appeal. We conclude that it will not.[1]
 
 
 9
 Appellant Gary Hobbs, who is an attorney, allegedly used proceeds from his criminal activities to purchase a home and a car, which were the subject of a civil forfeiture action. The house was titled in the name of Gary and his wife, Mary Kay Hobbs, and the car was titled in the names of Gary's parents, J. Bryant and Ethel Mae Hobbs. All four of the Hobbses were personally served with the arrest warrant and complaint in the forfeiture action, and none of them filed a claim or otherwise appeared in the action. The district court entered a judgment of forfeiture as to the house, its contents, and the car, in December 1990.
 
 
 10
 In March 1993, Gary Hobbs filed a motion seeking copies of all the pleadings in the civil forfeiture case, an accounting of the disposition of the property, and an immediate return of the property. In July, his wife filed a motion for return of property, as did his parents. All of the Hobbses proceeded pro se in the district court. The Hobbses contended that their due process rights were violated in the civil forfeiture action. They sought a return of all the seized property, as well as damages for the alleged due process violations.
 
 
 11
 The magistrate judge issued a report in June 1994 recommending that the Hobbses' requests for relief be denied. The magistrate judge determined that the court no longer had in rem jurisdiction over the subject property, which it found had been forfeited and disposed of according to law. Therefore, the magistrate judge concluded, the court could not entertain the Hobbses' request for a return of the property. The magistrate judge further concluded that the court should not exercise equitable jurisdiction over the Hobbses' motions, because the opportunity to assert their claims in the forfeiture action gave them an adequate remedy at law.
 
 
 12
 The district court reviewed the record de novo and, after concluding that the Hobbses were properly served with the forfeiture complaint and that probable cause existed to forfeit the subject property, the court determined that the Hobbses should not be permitted to file late claims to the property. The court then adopted the magistrate's report and recommendation and denied the Hobbses' requests for relief. This appeal followed.
 
 I.
 
 13
 As an initial matter, we must address the government's motion to dismiss the appeal. The government contends that the district court found that it lacked subject matter jurisdiction over the in rem proceeding, and that this determination is fatal to our jurisdiction to hear the appeal. The district court, however, did not determine that it lacked subject matter jurisdiction over the action. To the contrary, the court clearly had subject matter jurisdiction over the forfeiture action pursuant to 28 U.S.C. Sec. 1345 (civil suits commenced by United States) and Sec. 1355 (forfeiture under an Act of Congress). We, in turn, have jurisdiction over the appeal from the district court's final judgment, pursuant to 28 U.S.C. Sec. 1291. We proceed, then, to the waiver issue.
 
 II.
 
 14
 The government contends that the Hobbses waived all their appellate arguments by failing to file sufficiently specific objections to the magistrate judge's report and recommendation. Rule 72 of the Federal Rules of Civil Procedure provides that when a magistrate judge has issued a report and recommendation on a dispositive pretrial matter, a party objecting to the recommendation has ten days after being served with the report and recommendation to "serve and file specific, written objections to the proposed findings and recommendations." The rule further directs the district judge to
 
 
 15
 make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.
 
 
 16
 Fed.R.Civ.P. 72(b); see also 28 U.S.C. Sec. 636(b)(1).
 
 
 17
 "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute," Thomas v. Arn, 474 U.S. 140, 147, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985), and gives the district court an opportunity "to correct any errors immediately," United States v. Walters, 638 F.2d 947, 950 (6th Cir.1981); see also Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir.1993). Thus, the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency. See Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir.1986) (holding that party's failure to file timely objections to magistrate judge's ruling "frustrated the policy behind the Magistrate's Act, i.e., to relieve courts of unnecessary work and to improve access to the courts"); accord Walters, 638 F.2d at 949 ("[T]he fundamental congressional policy underlying the Magistrate's Act [is] to improve access to the federal courts and aid the efficient administration of justice....").
 
 
 18
 To further advance the policies behind the Magistrate's Act, we, like numerous other circuits, have adopted "a firm waiver rule" that "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991); accord Keating v. Secretary of Health & Human Servs., 848 F.2d 271, 275 (1st Cir.1988); Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir.1986); United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir.1983); Walters, 638 F.2d at 949-50; see also Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454-55 (9th Cir.1983) (waiver of factual issues only); Nettles v. Wainwright, 677 F.2d 404, 409-10 (5th Cir. Unit B 1982) (en banc) (same).
 
 
 19
 In Thomas v. Arn, the Supreme Court approved the Sixth Circuit's adoption of a waiver rule, reasoning as follows:
 
 
 20
 The Sixth Circuit's rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from "sandbagging" the district judge by failing to object and then appealing. Absent such a rule, any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. Either result would be an inefficient use of judicial resources. In short, "[t]he same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies here." United States v. Schronce, 727 F.2d 91, 94 (CA4) (footnote omitted), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).
 
 
 21
 474 U.S. at 147-48, 106 S.Ct. at 471 (footnote omitted).
 
 
 22
 Here, the magistrate judge's report and recommendation informed the parties that they had eleven days from the date of the order to file "objections with supporting brief" and that the "[f]ailure to object within that time period will result in waiver of the right to appeal from a judgment of the district court based upon the findings and recommendations of the Magistrate Judge." R.Vol. I, Doc. 49 at 6-7. Within the time specified, Mary Kay, J. Bryant, and Ethel Mae Hobbs filed a motion for reconsideration, as did Gary Hobbs. The former consisted of only two sentences asking that the district court reconsider the magistrate's report and recommendation based on "the motions, exhibits, testimony[,] briefs, and arguments" that the Hobbses had submitted to the court. Id., Doc. 51. Gary Hobbs's motion was equally general, except it also pointed out a conflict in the evidence as to the exact date of service of the forfeiture complaint on his parents.
 
 
 23
 In its order adopting the magistrate judge's report and recommendation, the district court noted that appellants' respective motions for reconsideration were not the proper procedure for challenging the magistrate judge's recommendation. The court determined, however, that because "extensive pleadings have been filed in this case," it would sua sponte conduct a de novo review of the pleadings. Id., Doc. 57 at 2.
 
 
 24
 On appeal, the government argues that the general objections filed by appellants are not sufficient to avoid application of our waiver rule. Although we have not previously addressed whether a general objection is sufficient, a number of other circuits have addressed the issue and have concluded that a general objection will not avoid application of the waiver rule. See, e.g., Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir.1991); Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir.1988); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir.1984); Nettles, 677 F.2d at 410 & n. 8.
 
 
 25
 We agree with these holdings of our sister circuits, because only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance. Therefore, we hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. With one exception,[2] the objections filed by appellants here were not sufficiently specific to preserve any issue for appellate review. See Lockert, 843 F.2d at 1019 ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.").
 
 
 26
 We have held, however, that "[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate." Moore, 950 F.2d at 659. After reviewing the record, we conclude that, because application of the waiver rule advances the important policies that underlie it, the district court's decision to conduct a de novo review, sua sponte, does not warrant lifting the bar of appellate review under the circumstances presented here. See Thomas v. Arn, 728 F.2d 813, 814-15 (6th Cir.1984), aff'd, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (deeming appellate arguments waived for failure to object to magistrate judge's report and recommendation even though district court, sua sponte, reviewed record de novo); cf. United States v. Bryant, 5 F.3d 474, 476 (10th Cir.1993) (deeming issue that should have been raised before trial waived under Fed.R.Crim.P. 12(f) due to untimeliness and failure to show cause even though district court chose to address issue on merits); United States v. Baker, 638 F.2d 198, 202 & n. 5 (10th Cir.1980) (same). But see Thomas, 474 U.S. at 158, 106 S.Ct. at 476 (Stevens, J., dissenting) (arguing that waiver rule should not apply "[w]hen the district court elects to exercise its power to review a magistrate's report de novo and renders an opinion resolving an issue on the merits").
 
 
 27
 Accordingly, we hold that appellants waived appellate review by failing to file specific objections to the magistrate judge's report and recommendation. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED, and all outstanding motions are DENIED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Gary Hobbs's motion for reconsideration did raise one specific objection to the magistrate judge's findings, which related to the date of service of the arrest warrant and forfeiture complaint on his parents. While the date of service may be relevant to the claims of J. Bryant and Ethel Mae Hobbs, it has no bearing on the claims of Gary Hobbs, who, as a pro se litigant, can represent only himself. Therefore, because only Gary Hobbs raised this issue before the district judge and the issue is not relevant to any of his claims, we need not address it