**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

AHMAD R. SHAYESTEH,

      Plaintiff-Appellant,

v.

DANIEL C. DOTSON, United States
Marshal, District of Utah,

      Defendant-Appellee.

No. 97-4176
(D. Utah)
(D.Ct. No. 96-CV-607-G)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **SEYMOUR, BRORBY,** and **BRISCOE**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, _res judicata_ and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Ahmad Shayesteh is a federal prisoner. Acting *pro se*, he filed a complaint seeking to compel a United States Marshal to provide him with access to adequate resources for the preparation of a legal brief. Following the recommendation of a magistrate judge, the district court granted summary judgment for the Marshal. Mr. Shayesteh appeals that decision. We affirm.

The essence of Mr. Shayesteh's complaint[1] was that he was being denied access to an adequate law library and other material, including pens, staples, and photocopying facilities, which were necessary for him to prepare and file briefs in connection with a case he had before the United States Court of Appeals for the Ninth Circuit. The Marshal moved for summary judgment. The case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). Because Mr. Shayesteh managed to file his brief and perfect his appeal with the Ninth Circuit, the magistrate judge determined he could not show harm and recommended granting summary judgment for the Marshal, except on the issue of the reply brief, as at that time, no reply brief had been filed.

---

[1] Mr. Shayesteh's complaint alleged violations of 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Absent circumstances not present in this case, § 1983 does not apply to federal officials, like the defendant, so we only consider the *Bivens* claim.

The magistrate judge's report notified the parties "they must file any objections ... within ten (10) days." Mr. Shayesteh did not file any objections to this first report. The district court reviewed the report and adopted the magistrate judge's recommendations. Because Mr. Shayesteh did not raise a timely objection to the contents of the magistrate judge's report, he waived his right to appeal any issues stemming from that report. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir.), *cert. denied*, 117 S. Ct. 271 (1996). "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* (internal quotation marks omitted).

An evidentiary hearing was held concerning the reply brief. Mr. Shayesteh was present and testified. During the hearing, Mr. Shayesteh testified he had been able to file a reply brief with the Ninth Circuit. Finding that Mr. Shayesteh had been unable to demonstrate prejudice, the magistrate judge recommended entering judgment against Mr. Shayesteh on his remaining claims. During the hearing, Mr. Shayesteh asked for leave to amend his complaint to add a claim for monetary damages (following the hearing, he submitted his request in writing). The magistrate judge denied this request.

Mr. Shayesteh filed objections to the magistrate judge's second report. Over these objections, the district court accepted the magistrate judge's recommendations and entered its final judgment in favor of the Marshal.

Mr. Shayesteh raises three issues: (1) "[w]hether, in view of the complaint's urgent nature and [his] claim of lack of access to legal resources, the district court abused its discretion in not expediting the complaint;" (2) "[w]hether the district court erred in denying [his] motion for leave to supplement the complaint"; and (3) "[w]hether the district court erred in granting the [Marshal's] motion for summary judgment." His arguments on these questions lack merit. For purposes of our discussion, we address these issues in reverse order.

Mr. Shayesteh contends the district court erred in granting summary judgment for the Marshal because genuine issues of material fact existed. We review the grant of summary judgment *de novo*, applying the same well-recognized legal standard used by the district court pursuant to Federal Rule of Civil Procedure 56(c). *See Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). We examine the record in the light most favorable to the nonmoving party. *See Thomas v. IBM*, 48 F.3d 478, 484 (10th Cir. 1995).

As mentioned above, Mr. Shayesteh waived his right to challenge the initial summary judgment by his failure to object to the magistrate judge's report. Therefore, we consider only the second grant of summary judgment.

Mr. Shayesteh failed to establish that he suffered any actual injury as a result of the alleged lack of access to a law library or to the other items he sought. The Supreme Court has held an inmate must demonstrate the alleged shortcomings in the library hindered his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Stated differently, an inmate must satisfy the actual injury requirement by showing the denial of legal resources hindered the prisoner's efforts to pursue a non-frivolous claim *See Penrod v. Zaras*, 94 F. 3d 1399, 1403 (10th Cir. 1996).

A review of the transcript of the evidentiary hearing on the issue of the reply brief shows no evidence that defendant denied any of Mr. Shayesteh's requests for assistance. In fact, there is significant evidence showing Mr. Shayesteh was given access to the law library, copies of the cases requested and supplies, and that his reply brief was received by the Ninth Circuit. In short, Mr. Shayesteh had no claim, and he certainly raised no genuine issues of material fact.

Mr. Shayesteh contends the district court erred in denying him leave to amend his complaint to include a claim for money damages. We review the denial, on the basis of futility, of a motion to amend a complaint for abuse of discretion. *See Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 2370 (1998). Mr. Shayesteh's proposed supplement to his complaint did not allege any new facts; therefore, it would fail for the same reasons the claim in his original complaint failed. Denial of an amendment doomed to fail does not constitute an abuse of discretion. *See Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (recognizing discretion to deny a futile amendment).

Third, Mr. Shayesteh argues the district court abused its discretion by failing to expedite service of the compliant on the Marshal. He provides no law establishing this court's ability to review such actions by a district court. In any regard, any conceivable error would be harmless due to the fatal flaws in the complaint discussed above.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED** .


                                      **Entered by the Court:**

                                      **WADE BRORBY**
United States Circuit Judge