**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

MAURICE BILLINGS,

　　　　Plaintiff-Appellant,

v.

TOM C. MARTIN; LEMON; CCA, a
Private Corporation; L. HARMON; R.
EZELL; MAX WILEY; YASINSKI;
CARTER; BATES; OWENS;
CAVANUGH; and FERREEBEE,

　　　　Defendants-Appellees.

No. 99-6186

(D.C. No. 97-CV-1645-A)

(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Plaintiff Maurice Billings, proceeding pro se, appeals the district court's

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

denial of his civil rights action. Plaintiff is an inmate at the Great Plains Correctional Facility, a private prison in Oklahoma. He brought this action under 42 U.S.C. § 1983 alleging several violations of his constitutional rights, including due process violations, use of excessive force, denial of the right to practice religion, lack of exercise, and inadequate medical care. Defendants moved to dismiss the complaint, or, in the alternative, for summary judgment.

The magistrate judge reviewed each of Plaintiff's claims and recommended that the motion for summary judgment be granted in favor of Defendants. See R., Doc. 56 (Report and Recommendation filed Feb. 25, 1999). The district court liberally construed Plaintiff's objections to the magistrate judge's report and found that Plaintiff objected only to the due process, excessive force, and free exercise of religion claims.[1] Reviewing these claims de novo, the court held that Defendants were entitled to summary judgment, adopted the magistrate judge's report and recommendation, and entered judgment in favor of Defendants. See id. at Doc. 58 (Order filed Mar. 31, 1999).

Plaintiff only appeals the district court's treatment of his excessive force claim, arguing that the district court erred in finding that his Eighth Amendment

---

[1]The court correctly held that Defendant waived review of the other claims by not objecting to the magistrate judge's recommendations on those claims. See Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999) (citing United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996)).

rights were not violated. He asserts that he was beaten and punished in an inhuman, illegal, and savage manner by untrained and unqualified private prison guards, and that the sole purpose of the use of force was to cause him severe pain and harm. See Appellant's Br. at 17-18. He argues that the prison personnel used excessive force and roughness by kneeing him in the groin and twisting his neck.

Having reviewed the briefs and the record in this case de novo, we affirm the district court's grant of summary judgment for substantially the same reasons stated in its Order filed March 31, 1999. While Plaintiff correctly states that the Eighth Amendment prohibits cruel and unusual punishment, his conclusory allegations do not create genuine issues of fact regarding the use of excessive force. An inmate may be restrained by the use of force so long as that force is applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically for the very purpose of causing harm. See Whitley v. Albers, 475 U.S. 312, 319 (1986) ("The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense.").

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-