**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD J. COLLINS,

     Plaintiff-Appellant,

v.

RICHARD SOARES, Warden;
THOMAS BULLARD, Law Librarian;
BARD ROCKWELL, Head of Legal
Services; ARISTEDES W. ZAVARAS,
Executive Director of D.O.C.;
OFFICER FOX, C.O. of Limon
Correctional Facility; John Does, if
there by any, in their individual and
professional capacities,

     Defendants-Appellees.

No. 99-1348
(District of Colorado)
(D.C. No. 97-B-2271)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Richard J. Collins, a Colorado state prisoner, filed a *pro se* 42 U.S.C. § 1983 civil rights complaint raising the following four issues: (1) the defendants violated his Sixth Amendment right of access to the courts when they confiscated, pursuant to Colorado prison regulation 850-6, all legal files in excess of two cubic feet; (2) the defendants violated his Sixth Amendment rights to access to the courts when they removed the Shepard's citation service and the *Corpus Juris Secundum* legal encyclopedia from the prison law library; (3) the defendants retaliated against him in violation of the Eighth Amendment; and (4) the defendants denied him medical treatment in violation of the Eighth Amendment.

The district court referred Collins' complaint to a magistrate judge for preliminary proceedings pursuant to 28 U.S.C. § 636. In a thorough and well-written Report and Recommendation ("R & R"), the magistrate judge recommended that the district court grant the defendants' motion for summary judgment. The R & R specifically informed Collins that in order to preserve his right to *de novo* review in the district court and his right to appellate review of both factual and legal questions, he must file written, specific objections with the district court within ten days of service of the R & R. Rather than filing a proper objection, Collins sought an extension from the district court. The district court

-2-

granted Collins a lengthy extension. Five days before expiration of the extended time period, Collins filed a second request for an extension. The district court granted Collins a second extension, to expire June 3, 1999, but indicated that no further extensions would be granted. On June 7th, after the second extension had already expired, and despite the district court's admonition, Collins filed a third request for an extension of time within which to file objections to the R & R. In response, the district court noted its previous generosity in granting extensions and its specific admonition that no further extensions would be granted. Accordingly, the district court denied Collins' request for a third extension, noted that Collins' failure to timely file specific objections barred *de novo* review, and adopted the R & R.

On appeal, Collins argues the merits of the summary judgment motion. This court has, however, adopted a "firm waiver rule," whereby a failure to file written objections to a magistrate judge's R & R waives appellate review of both factual and legal questions. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996). To preserve an issue for appellate review, an objection to a magistrate judge's R & R must be both specific and timely. *Id.* at 1060. Collins failed to object to the magistrate judge's R & R within the ten days allowed in the R & R, plus the additional time allowed by the district court pursuant to Collins' motions for extension of time. Therefore, Collins has not

preserved for appellate review the district court's order and judgment granting the defendant's summary judgement.[1]

The order of the district court adopting the R & R and its judgment thereon are hereby **AFFIRMED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

---

[1]After the district court entered its order adopting the R & R, Collins filed a Rule 59 motion along with specific objections to the R & R. In the motion, Collins asserted that his objections were late because of problems in having them copied at the prison law library on June 2 1999. In rejecting Collins' Rule 59 motion for reconsideration, the district court noted again that it had been generous in granting extensions and had specifically informed Collins that no further extensions would be allowed. Accordingly, it refused to reconsider its ruling adopting the R & R. The district court did note, however, that it had conducted a *de novo* review of the R & R, and that Collins' belated objections would not change the outcome of the case. As noted by the defendants, this alternate holding of the district court does not in any way revive Collins' claims. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999).