F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY L. LEE,

   Plaintiff - Appellant,

  v.

JOHN W. SUTHERS, MRS. S.
MCGUIRE, MRS. C. BRUMETT, and
JOE DOE(S) 4 to 25,

   Defendants - Appellees.

No. 02-1201
D.C. No. 01-Z-277 (MJW)
(D. Colorado)

**ORDER AND JUDGMENT**  *

Before **EBEL**, **LUCERO**, and **HARTZ**, Circuit Judges.  **

   Plaintiff *pro se* Anthony Lee is a prisoner in the custody of the Colorado

Department of Corrections (DOC). On February 16, 2001, Plaintiff filed a

complaint under 42 U.S.C. § 1983, claiming that (1) he was provided with

---

   *This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

   **After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

improper medical care for an ankle injury, and (2) his placement in a particular unit of a correctional facility restricted his mobility and exposed him to unsanitary living conditions.

The Defendants named in the Plaintiff's suit included John Suthers, a former DOC director, and Sue McGuire, the medical supervisor of the Denver Corrections Center. Suthers and McGuire moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). In an order entered April 22, 2002, the district court granted the motion, following the recommendation of the United States magistrate judge. With respect to both claims against Suthers, the district court based its decision on the Plaintiff's failure to allege that Suthers personally took part in any conduct that deprived him of his constitutional rights. The Plaintiff could not rely on a vicarious liability theory, because "[p]ersonal participation is an essential allegation in a § 1983 claim." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (internal quotation marks omitted). Likewise, the district court dismissed Plaintiff's second claim as to McGuire, because Plaintiff had not alleged that McGuire had personally participated in the actions giving rise to that claim.

The district court also dismissed Plaintiff's first claim as to McGuire, on a different ground. The court found that Plaintiff had failed to comply with the requirement, set forth in the Prison Litigation Reform Act of 1995 (PLRA), 42

U.S.C. § 1997e(a), that a prisoner exhaust available administrative remedies before bringing suit over prison conditions. The district court noted that the DOC regulations provide a three-step grievance procedure, but that Plaintiff failed to show that he had pursued his first claim past the first step of the procedure. The court observed that although Plaintiff had attached documents to his complaint that appeared to relate to the second and third steps of the grievance procedure, these documents did not pertain to his first claim.

Plaintiff brought his first claim not only against Suthers and McGuire, but also against DOC nurse Calista Brumett. In its April 22, 2002 order, the district court addressed Plaintiff's claim against Brumett. Plaintiff properly served Brumett with his complaint on May 15, 2001, but Brumett never filed an answer. On January 7, 2002, Plaintiff filed a Request to Enter Default and a Motion for Default Pursuant to F.R.C.P. 55. Under the PLRA, "[a]ny defendant may waive the right to reply to any action brought by a prisoner," and "such waiver shall not constitute an admission of the allegations contained in the complaint," 42 U.S.C. § 1997e(g)(1), although "[t]he court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997e(g)(2).

Here, the district court concluded that the Plaintiff did not have a reasonable opportunity to prevail on the merits of his claim against Brumett.

Plaintiff's failure to exhaust his administrative remedies barred this claim as well as his first claim against McGuire. Thus the district court denied Plaintiff's request to enter default and motion to enter default.

Plaintiff suggests that he should be excused from the administrative exhaustion requirement, because employees of the DOC interfered with his efforts to file grievances. The Defendants maintain that Plaintiff has raised this issue for the first time on appeal. We disagree, in that our review of the record indicates that the Plaintiff first raised the issue in his response to the Defendants' motion to dismiss. For example, the Plaintiff alleged in his response that DOC employees hindered his ability to follow prescribed grievance procedures by telling him that the procedures were not available for the types of complaints he sought to make and by delaying responses to his grievances. Once the magistrate judge issued his recommendation that the district court grant the motion to dismiss, however, Plaintiff failed to pursue the issue before the district court. In order to preserve the argument that DOC employees prevented him from complying with grievance procedures, Plaintiff should have alerted the district court to the issue by clearly identifying it in his objections to the magistrate judge's recommended disposition.

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute, and gives the district court an opportunity to correct any errors

immediately." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (citations and internal quotation marks omitted). We have stressed that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *Id.* at 1060. In this case, we find that to the extent that the Plaintiff may have referred to the obstruction issue in his objections to the magistrate judge's recommendations, this reference was far too vague to preserve the issue for appeal.

Having carefully considered the parties' briefs and the appellate record, we find persuasive the district court's reasoning concerning the Defendants' motion to dismiss and concerning the Plaintiff's request to enter default and motion to enter default. Therefore, for substantially the reasons given by the district court, we AFFIRM the district court's decisions to grant the Defendants' motion and to deny the Plaintiff's motions. Plaintiff's petition to transfer records is DENIED. In addition, we note that Plaintiff has applied to proceed without prepayment of the appellate filing fee. This motion is DENIED, and Plaintiff is ordered to make immediate payment of the unpaid balance due.

Entered for the Court

Harris L Hartz
Circuit Judge