FILED
United States Court of Appeals
Tenth Circuit

July 1, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FLOYD DEWAYNE WOFFORD,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

Defendant - Appellee.

No. 13-7077
(D.C. No. 6:12-CV-00307-RAW-KEW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Floyd Dewayne Wofford appeals from a district court order adopting the report

and recommendation ("R & R") of the magistrate judge and affirming the

Commissioner's decision denying his application for disability benefits under the

Social Security Act.  Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

§ 405(g), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Wofford filed for disability and supplemental security income benefits, alleging disability due to heart problems, hypertension, diabetes, shoulder problems, anxiety, and eye cancer. Following a hearing, an administrative law judge ("ALJ") found Wofford not disabled at step five of the controlling five-step sequential analysis. See Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (describing five-step process).

The ALJ found that Wofford had several severe impairments: coronary artery disease, hypertension, diabetes, and obesity, but determined that Wofford's anxiety and depression were non-severe impairments. At step four, the ALJ concluded that Wofford was not credible and determined that his impairments left him with a residual functional capacity ("RFC") to perform a full range of light work. Relying in part on inquiries to the vocational expert who testified at the hearing, the ALJ concluded that Wofford could not perform his past relevant work. At step five, the ALJ determined that Wofford was not disabled in light of his RFC, age, education, and work experience.

The Appeals Council denied Wofford's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Doyal v. Barnhart, 331 F.3d 758, 759 (10th Cir. 2003). The district court affirmed the Commissioner's denial of benefits, and Wofford appeals.

## II

On appeal, Wofford asserts the ALJ made errors in: (1) evaluating the opinion of his treating physician, Dr. Cheek; (2) discounting his credibility; (3) failing to include all of his limitations in the RFC; and (4) failing to find certain impairments severe. Before considering the merits of Wofford's claims, we must determine whether they were properly preserved for appellate review.

Under Fed. R. Civ. P. 72(b)(2), a party has fourteen days to serve and file "specific written objections" to a magistrate judge's R & R. We have adopted a "firm waiver rule that provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." United States v. 2121 E. 30th St., 73 F.3d 1057, 1059 (10th Cir. 1996) (quotation omitted). To preserve an issue for appellate review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." Id. at 1060 (emphasis added). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ." Id.

Wofford filed the following timely objections to the magistrate judge's R & R:

> [T]he Plaintiff objects to the Magistrate's findings that: (1) the ALJ properly gave the Plaintiff's treating physician's medical opinion little weight; (2) the ALJ properly evaluated the credibility of the Plaintiff; (3) the ALJ properly included all of the Claimant's limitations in the

RFC assessment; and, (4) the ALJ properly excluded the Plaintiff's impairments of anxiety and depression as being deemed "severe."[1]

The Commissioner argues that Wofford waived all of his appellate arguments by failing to file sufficiently specific objections to the magistrate judge's R & R.[2] We agree. Wofford's objections are conclusory and non-specific. Wofford objected to all of the magistrate judge's proposed rulings, but he failed to identify the particular errors the magistrate judge committed. Wofford's failure to cite any authority explaining how the magistrate judge's recommendations conflicted with governing law further inhibits our ability to assess his claims. Accordingly, Wofford's objections fail to provide any meaningful notice as to the particular factual or legal errors the magistrate judge allegedly committed. Although the firm waiver rule does not apply when the interests of justice require review, see 2121 E. 30th St., 73 F.3d at 1060, we see no reason to invoke the exception in this case. We hold that Wofford's failure to object with any specificity to the magistrate judge's proposed findings precludes appellate review.

---

[1] We note that although the government submitted as attachments to its brief certain district court filings, Wofford did not include in his appendix any of the district court filings. Our rules require a party to cite the precise location in the record where each issue was raised and ruled upon, including any necessary objections, and to provide a record that is sufficient for our review of the appellate issues. See 10th Cir. R. 10.3, 28.2(C). Wofford has done neither.

[2] Wofford also did not file a reply brief to contest the government's waiver argument.

## III

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge