FILED
United States Court of Appeals
Tenth Circuit

December 9, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALEXANDER STANLEY,

        Plaintiff - Appellant,

v.

MALINDA McMILLIAN,

        Defendant - Appellee.

No. 14-1120
(D.C. No. 1:12-CV-02944-PAB-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

This § 1983 case involves a state prisoner's challenges to the confiscation of funds from his prison trust account. Plaintiff Alexander Stanley is currently incarcerated in a private prison operated by Corrections Corporation of America for the Colorado Department of Corrections. On November 8, 2011, one of Plaintiff's fellow inmates was

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

released from custody. Two days later, this now former inmate's daughter transferred $200 into Plaintiff's prison trust account. Defendant Malinda McMillian, a prison employee, allegedly confiscated the $200 from Plaintiff's account a few days later.

Plaintiff protested the confiscation of these funds through both the informal resolution process and the formal grievance process. During the formal grievance process, prison officials denied Plaintiff's Step 1 and Step 2 grievances on the basis that the funds had been transferred as the result of "bartering," which is forbidden by the prison's Code of Penal Discipline. In their submitted written responses to Plaintiff's grievances, the officials stated that taped phone calls revealed the other inmate had called his daughter from prison on November 7, 2011, prior to his release from custody, and instructed her to send $200 to Plaintiff. The officials cited the Code of Penal Discipline's definition of bartering, which includes situations where "an offender arranges the payment from one offender to another through outside resources without authorization." (Docket No.1 at 60.) They accordingly concluded the funds were properly confiscated as the result of impermissible bartering. Plaintiff's Step 3 grievance was denied on the procedural basis that it included six pages of attachments, twice as many as permitted by the regulations. Prison officials allegedly refused to accept a corrected grievance with the permitted number of attachments.

After his administrative grievances proved unsuccessful, Plaintiff filed this federal § 1983 action against several prison officials. The district court dismissed Plaintiff's claims against all of the officials except Defendant McMillian on the basis that the

complaint did not allege personal participation by any of the other defendants in the alleged violation of Plaintiff's constitutional rights. The magistrate judge subsequently recommended dismissal of the claims against Defendant McMillian for failure to state a claim on which relief could be granted. Plaintiff filed an objection to the magistrate judge's report and recommendation. Although he stated he "object[ed] to the recommendation of the United States Magistrate Judge in its entirety," (R. at 269 (bolding and underlining omitted)), he limited his specific objections to the recommended dismissal of his procedural due process claim (*see* R. at 250-51). The district court reviewed the merits of this claim de novo and concluded that dismissal was appropriate because, even assuming a protected property interest was at stake, Plaintiff was afforded adequate post-deprivation process through both the prison grievance system and state court procedures.

On appeal, Plaintiff first argues the district court erred by failing to fully and thoroughly analyze all of Plaintiff's claims. He argues the court was required to review his entire complaint de novo because he stated that he objected to the magistrate judge's recommendation in its entirety. However, even construing Plaintiff's objections liberally, only his arguments regarding his procedural due process claim were raised with sufficient specificity to preserve the issue for de novo review by the district court or for appellate review by this court. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). The district court accordingly did not err in limiting its review to the procedural due process claim.

On the merits of this claim, Plaintiff argues any possible post-deprivation remedies do not provide a viable defense to his due process claim because the confiscation of the transferred funds resulted from the operation of established state procedures, not a random and unauthorized deprivation. However, this argument is contradicted by the arguments and allegations Plaintiff relied on below. Indeed, Plaintiff's complaint repeatedly argued that prison officials illegally confiscated funds from Plaintiff's account without a supportable basis in the applicable regulations. Thus, the complaint and other pleadings do not support Plaintiff's current argument that the confiscation was instead based on established state procedures.

Plaintiff also argues neither the prison grievance procedures nor the state court system provide an adequate post-deprivation process under the circumstances of this case. We agree with the district court that Plaintiff has not demonstrated the state court system would fail to provide constitutionally adequate post-deprivation process. Plaintiff's speculation that the state court would likely dismiss his complaint for lack of exhaustion does not prove the state has failed to provide adequate procedural safeguards for his due process rights, especially since both Colorado and the federal courts have the same requirement for an inmate to exhaust all available administrative remedies before filing suit. *See* Colo. Rev. Stat. § 13-17.5-102.3; 42 U.S.C. § 1997e(a). As for Plaintiff's argument that prison officials must inform prisoners of their state court remedies in order for such remedies to provide adequate due process protection, his only supporting authority is Justice Marshall's partial dissent in *Parratt v. Taylor*, 451 U.S. 527, 555-56

-4-

(1981) (Marshall, J., concurring in part and dissenting in part). This dissent carries no precedential weight, and our precedents do not impose such a rule. Plaintiff's other arguments are similarly unavailing.

We conclude that the district court appropriately dismissed Plaintiff's due process claim based on the post-deprivation process available through the state court system. Because we affirm on this ground, we need not consider Plaintiff's arguments regarding the alleged inadequacies of the prison grievance system.

Finally, Plaintiff argues if we affirm the dismissal of his claim based on the availability of state court remedies, we should toll the time he spent pursuing this § 1983 action for purposes of the state statute of limitations so he will not be barred from pursuing his claims in the state court. However, we see no legal basis for this court to toll the state statute of limitations in a possible future state court proceeding. We accordingly deny this request.

For substantially the same reasons given by the district court, we **AFFIRM** the dismissal of this case. We **GRANT** Plaintiff's motion to proceed *in forma pauperis* on appeal but remind him he is obligated to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge