FILED
United States Court of Appeals
Tenth Circuit

February 9, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BENJAMIN VELAYO,

Plaintiff - Appellant,

v.

CHERYL FOX; DEPARTMENT OF
VETERANS AFFAIRS,

Defendants - Appellees.

No. 23-3139
(D.C. No. 2:23-CV-02249-JAR-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **BALDOCK**, and **EID**, Circuit Judges.

_____

Benjamin Velayo appeals the dismissal of his pro se action under the Federal Tort

Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2675(a) (FTCA), for failure to exhaust the

FTCA notice requirements.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I

Velayo sued the Department of Veterans Affairs (VA) and a VA employee,

Cheryl Fox, alleging various grievances sounding in tort.  He filed his complaint

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

using a template form that asked, "Have the claims which you make in this civil action been presented through any type of Administrative Procedure within any government agency?"  R. at 7.  Velayo marked a box answering, "No."  *Id.*

A magistrate judge screened the complaint, *see* 28 U.S.C. § 1915(e)(2)(B), and determined that Velayo conceded he did not present his claims to the VA, which precluded him from proceeding under the FTCA.  The magistrate judge explained that the FTCA constitutes a limited waiver of the government's sovereign immunity, and that, "[u]nder the FTCA, 'a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues,'" R. at 13-14 (quoting *United States v. Kubrick*, 444 U.S. 111, 113 (1979) (further internal quotation marks omitted).  The magistrate judge stated that the FTCA's notice requirements are jurisdictional, and, because Velayo did not present his claims to the VA at any time, the action should be dismissed for lack of subject matter jurisdiction.

The magistrate judge notified Velayo that he had 14 days to object to the report and recommendation and that his failure to do so would waive appellate review.  Velayo objected, stating as follows:  "I, Benjamin Velayo[,] disagree [with] the decision of U.S. Magistrate Judge Mitchell.  I received the certified mail on June 10, 2023."  *Id.* at 16 (capitalization omitted).  This was the entirety of his objection.

The district court overruled the objection, reasoning that Velayo failed to specifically identify any issue with which he disagreed.  Absent any explanation for Velayo's disagreement with the magistrate judge's decision, the district court

2

adopted the report and recommendation and dismissed the suit for lack of subject matter jurisdiction. Velayo now appeals.

## II

We normally review de novo the district court's subject matter jurisdiction. *See Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). Here, however, we confront the threshold issue of whether Velayo waived appellate review by failing to file specific objections to the magistrate judge's report and recommendation. Under this court's firm-waiver rule, the failure to file timely, specific objections to the magistrate judge's report and recommendation waives appellate review of both factual and legal questions. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059-60 (10th Cir. 1996). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *Id.* at 1060. "[T]he district court's decision to conduct a de novo review, sua sponte, does not warrant lifting the bar of appellate review . . . ." *Id.* at 1061. "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (internal quotation marks omitted).

Velayo's objection is not sufficiently specific to preserve appellate review. An objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *2121 E. 30th St.*, 73 F.3d at 1060.

3

But Velayo simply asserted in general that he disagreed with the magistrate judge's decision. This falls far short of the specificity needed to preserve appellate review. *See id.* ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." (internal quotation marks omitted)). Further, neither exception to the firm-waiver rule applies. The magistrate judge clearly warned Velayo that he had 14 days to object and that if he failed to file objections within that time no appellate review would be allowed. *See* R. at 14-15. As for the interests of justice, we consider "a *pro se* litigant's efforts to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez*, 418 F.3d at 1120. Velayo made no attempt to identify any specific issue in his objection, he offers no explanation for failing to do so, and nothing in his materials suggests the issues here are so important as to warrant overlooking the waiver.

Indeed, even if we overlooked the waiver, the result here would be the same. Velayo alleged that Fox is bothering him and interfering with his privacy. The district court, in adopting the magistrate judge's report and recommendation, correctly recognized that to proceed under the FTCA, Velayo was required to provide notice of his claims to the VA. *See* 28 U.S.C. §§ 2401(b), 2675(a).[1] "Because the

---

[1] Section 2401(b) states:

> A tort claim against the United States shall be forever barred *unless it is presented in writing to the appropriate Federal agency* within two years after such claim accrues or unless action is begun within six months

4

FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed.  The requirements are jurisdictional and cannot be waived." *Trentadue*, 397 F.3d at 852 (internal quotation marks omitted).  Velayo expressly conceded on the face of his complaint that he did not present his claims to the VA.  He does not contend otherwise on appeal or even address his failure to satisfy the FTCA's notice requirements.  Because he failed to satisfy the FTCA's notice requirements, the district court lacked subject matter jurisdiction and properly dismissed the suit.

III

The district court's judgment is affirmed.

Entered for the Court

Bobby R. Baldock<br>Circuit Judge

---

after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added).

Section 2675(a) states:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented his claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added).