**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 28, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANGELA SCHMID,

    Plaintiff - Appellant,

v.

J.C. WILLIAMS, Warden;
MS. GROOVER, Warden,

    Defendants - Appellees.

No. 24-1268
(D.C. No. 1:21-CV-02556-DDD-JPO)
(D. Colo.)

_____

**ORDER AND JUDGMENT***

_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge and **PHILLIPS**, Circuit Judge.

_____

Plaintiff Angela Schmid sued federal prison officials, alleging First Amendment violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The district court dismissed her *Bivens* claims. She then moved to amend the complaint to assert her claims under the Prison

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  The district court referred the motion to a magistrate judge, who recommended denying it as futile.  Ms. Schmid filed untimely objections to the recommendation.  The district court adopted the recommendation and denied the motion.  Ms. Schmid appeals only that ruling.  Because she waived her right to appellate review, we dismiss her appeal.

## I.  BACKGROUND

In 2021, Ms. Schmid was a prisoner at a county jail in Georgetown, Colorado.  She alleged that the Federal Detention Center in Englewood, Colorado, rejected every letter she sent between July 2021 and October 2021 to her husband, who was a prisoner there.  Invoking *Bivens*, she sued the warden and a mailroom clerk in their individual capacities for First Amendment violations.

Defendants moved to dismiss, arguing *Bivens* provides no remedy for alleged First Amendment violations.  The magistrate judge agreed and recommended dismissal.  Ms. Schmid objected to the recommendation but acknowledged she could not proceed under *Bivens*.  The district court adopted the recommendation and dismissed Ms. Schmid's *Bivens* complaint.

Ms. Schmid next moved to amend her complaint, asserting the PLRA authorizes constitutional claims for damages.  The magistrate judge recommended denying the motion as futile because the PLRA does not authorize such claims.  The recommendation advised Ms. Schmid of her right to object within 14 days and that failure to file timely objections waives appellate review.

2

On May 15, 2024, the district court mailed the magistrate judge's recommendation to Ms. Schmid. Her deadline to object was June 3, 2024. *See* Fed. R. Civ. P. 5(b)(2)(C) (service is complete upon mailing); Fed. R. Civ. P. 6(d) (where service is by mail, "[three] days are added after the prescribed period would otherwise expire"); Fed. R. Civ. P. 6(a)(1)(C) ("if the last day [of the prescribed period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next [business] day"). Ms. Schmid filed objections on June 5, 2024.

The district court conducted de novo review, overruled Ms. Schmid's objections, adopted the recommendation, and dismissed the case. This appeal followed.

This court ordered Ms. Schmid to show cause why she had not waived her right to appellate review by failing to timely object to the magistrate judge's recommendation to deny her motion to amend. Ms. Schmid filed a response.

## II. DISCUSSION

This court has "adopted a firm waiver rule that provides that the failure to make timely objections to the magistrate[ judge's] findings or recommendations waives appellate review of both factual and legal questions." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quotations omitted).

Ms. Schmid asks us to apply the interests-of-justice exception to this rule. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quotations omitted). But she has not explained why her objections were untimely or otherwise shown the exception should apply. And even if we were to apply it, the district court

correctly denied the motion to amend.  As the Supreme Court has observed, the

PLRA "does not provide for a standalone damages remedy against federal jailers."

*Ziglar v. Abbasi*, 582 U.S. 120, 149 (2017).

### III.  **CONCLUSION**

Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge