UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

PHILLIP LEE KELLEY,

     Plaintiff - Appellant,

v.

JASON SPARKS; DAVID
LOUTHAN; MANDY PERRY,

     Defendants - Appellees.

No. 25-6190
(Case No. 5:25-CV-00856-R)
W.D. Oklahoma

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

This case grew out of an alleged attack on the plaintiff, Mr. Phillip

Kelley, while in prison. Mr. Kelley invoked 42 U.S.C. § 1983, suing three

prison officials (Jason Sparks, David Louthan, and Mandy Perry) for

failing to provide adequate protection. The magistrate judge recommended

---

[*]    Oral argument would not help us decide the appeal, so we have
decided the appeal based on the record and the briefing. *See* Fed. R. App.
P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. But the
order and judgment may be cited for its persuasive value if otherwise
appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

dismissal, and the district judge adopted the recommendation and ordered dismissal without prejudice. We affirm.

**1.    Mr. Kelley didn't preserve his appellate arguments.**

On appeal, Mr. Kelley argues that he adequately alleged a violation of the Eighth Amendment. The threshold issue is whether he preserved this argument.

The magistrate judge recommended dismissal, reasoning that the allegations wouldn't have supported liability. Mr. Kelley objected, stating in part that the magistrate judge had reached the wrong result. R. at 21–22. But Mr. Kelley didn't say why he thought the result was wrong. Absent that explanation, Mr. Kelley waived appellate review on the adequacy of his claim under the Eighth Amendment. *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).

**2.    Mr. Kelley hasn't shown a procedural error.**

Mr. Kelley also argues that the magistrate judge should have ordered service before recommending dismissal. He raised this argument when objecting to the magistrate judge's report and recommendation. *See* R. at 21–22. But the district court had a duty to screen the complaint because the plaintiff was a prisoner suing governmental employees. 28 U.S.C. § 1915(e)(2)(B). So the magistrate judge didn't err in recommending dismissal instead of ordering a response.

**3.    The district court didn't err in failing to distinguish between the claims.**

The district court ruled that Mr. Kelley hadn't distinguished between the claims in the defendants' personal and official capacities. Mr. Kelley challenges this ruling, arguing that he alleged deliberate indifference and disregard of an excessive risk. These allegations could have fit a claim against the defendants in either their personal or official capacities. We thus conclude that the district court didn't err in failing to specify whether the claims were against the defendants in their personal or official capacities.

We affirm the district court's dismissal without prejudice.

Entered for the Court


Robert E. Bacharach
Circuit Judge