**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RONALD B. PORATH;
MARZELLA J.  PORATH,

      Defendants - Appellants,

and

WELLS FARGO & COMPANY,
f/k/a Norwest Mortgage,

      Defendant - Appellee,

and

BATTLE WOLF, a pure trust,

      Defendant.

No. 13-2131
(D.C. No. 1:11-CV-00901-LH-LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, **McKAY**, and **BACHARACH**, Circuit Judges.

---

Ronald B. Porath and Marzella J. Porath appeal the district court's entry of judgment against them as a sanction for their non-compliance with the federal rules of procedure and disregard of the district court's orders. *See* Fed. R. Civ. P. 16(f). Because the Poraths fail to advance any coherent, reasoned argument on appeal, we affirm.

This case began when the United States and Wells Fargo initiated separate actions seeking to foreclose tax and mortgage liens on real property held by the Poraths. The cases were consolidated in the district court, where the Poraths either raised frivolous legal claims or outright refused to participate in the proceedings. Although the court repeatedly warned the Poraths that failure to comply with the court's directives could result in sanctions, including entry of judgment against them, the Poraths flouted the court's orders, even after the imposition of monetary sanctions. Eventually, the court adopted a magistrate judge's report and recommendation to enter judgment against the Poraths for their contumacious conduct.[1] The Poraths now seek review.

---

[1] The Poraths failed to raise specific objections to the magistrate judge's report and recommendation, choosing instead to proffer more frivolous arguments that bore no relevance to the proposed disposition. As a consequence, the district court determined that the Poraths had waived review of the report and recommendation under this court's firm waiver rule. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059-60 (10th Cir. 1996). On appeal, the Poraths do not dispute the district court's application of the firm waiver rule.

On appeal, we need not recite nor review the Poraths' arguments; they are all legally frivolous. Indeed, the Poraths do not address in any coherent fashion the grounds upon which the district court entered its judgment. We have repeatedly insisted that appellants advance developed legal arguments, supported by authority, and provide a record adequate to permit appellate review. *See* Fed. R. App. P. 28 (a)(8)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); *SEC v. Maxxon, Inc.*, 465 F.3d 1174, 1175 n.1 (10th Cir. 2006) ("[W]e remind appellants of their obligation to support their arguments with legal authority . . . and to provide a record sufficient to allow appellate review." (citation omitted)). Parties that fail to do so "risk summary dismissal of their claims." *Id.* Although pro se parties are entitled to have their arguments liberally construed, they must adhere to our rules of practice and we will not assume the role of their advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[B]ecause Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Because the Poraths have utterly failed to comply with these basic requirements of appellate practice, they have forfeited their right to review.

Accordingly, the judgment of the district court is affirmed. All outstanding requests for relief are denied.

Entered for the Court


Monroe G. McKay
Circuit Judge