**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

SALVADOR MAGLUTA,

     Plaintiff - Appellant,

v.

CHARLES DANIELS, Former Warden,
FCC Florence, in his individual and official
capacities; DAVID ALLRED, DO, former
Clinical Director, FCC Florence, in his
individual and official capacities;
GEORGE SANTINI, MD, Clinical
Director, FCC Florence, in his individual
and official capacities; LISA
MCDERMOTT, Assistant Health Services
Administrator, FCC Florence, in her
individual and official capacities; TERESA
NEHLS, former Nurse Practitioner, FCC
Florence, in her individual and official
capacities,; NIXON ROBERTS, DDS,
Dentist, FCC Florence, in his individual
and official capacities,; JOHN DOE #1-15,
unknown staff, FCC Florence, in their
individual and official capacities,

     Defendants - Appellees.

No. 19-1130
(D.C. No. 1:15-CV-02203-RM-KLM)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

Salvador Magluta, a federal prisoner proceeding pro se, appeals the district court's judgment in favor of defendants on his *Bivens*[1] claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. **Background**

In 2015, Magluta filed this action pro se and soon thereafter retained counsel. In the operative fourth amended complaint, filed through counsel, Magluta raised eight constitutional claims against the former prison warden, one former prison doctor, another doctor, a health services administrator, a nurse practitioner, and a dentist. Magluta alleged that in treating him for a kidney stone and dental issues, defendants intentionally kept him in severe pain on an almost constant basis and caused damage to a kidney, his teeth, and his mouth. He asserted that these alleged actions constituted deliberate indifference to his medical needs, imposed an atypical and significant hardship on him, and were in retaliation for a lawsuit he had filed against the former warden and other prison employees. Magluta also listed fifteen John Doe defendants without identifying any claims against them.

Defendants filed a motion to dismiss the claims under Fed. R. Civ. P. 12(b)(6) and a motion for partial summary judgment based on failure to exhaust administrative

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2

remedies, as 42 U.S.C. § 1997e(a) requires. Magluta's counsel filed responses to both motions. A magistrate judge issued a report and recommendation (R&R) that the motion to dismiss be granted in part based on statute of limitations and qualified immunity. Neither Magluta's counsel, who had a pending motion to withdraw, nor Magluta filed objections to the R&R. The district court adopted the R&R and dismissed some individual-capacity claims against some defendants. Soon thereafter, the court granted counsel's motion to withdraw (the court had earlier granted two motions to withdraw filed by other attorneys), and Magluta represented himself for the remainder of the case. The district court later granted the motion for partial summary judgment on a majority of Magluta's claims, including his retaliation claims, based on his failure to exhaust administrative remedies.

Defendants then moved to dismiss the remaining claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). They also moved to stay discovery. The magistrate judge granted the motion to stay discovery, vacated a scheduling conference, and, on March 1, 2019, issued a second R&R recommending the motion to dismiss be granted in its entirety. Magluta did not file any objections to the second R&R. On March 26, 2019, the district court adopted the second R&R and dismissed the remaining claims based on Eleventh Amendment immunity, mootness, and qualified immunity. The court also dismissed the fifteen John Doe defendants because Magluta had not asserted any claims against them. This appeal followed.

## II. **Discussion**

Prior to briefing in this appeal, we ordered Magluta to show cause why, under our "firm waiver rule," his failure to file timely and specific objections to either of the magistrate judge's R&Rs has not resulted in the waiver of his right to appellate review of the district court's orders adopting those R&Rs and dismissing some of his claims. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (explaining that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for . . . appellate review"). Although Magluta responded, we need not determine whether to enforce the firm waiver rule because, even liberally construed, Magluta's pro se appellate briefs and his response to the show-cause order wholly fail to challenge any of the district court's rationales for its rulings in the dismissal orders or in its order granting partial summary judgment.

We have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Federal Rule of Appellate Procedure 28(a) lists the requirements for an appellant's brief. One of those requirements is that an "appellant's brief must contain . . . the argument, which must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Consistent with Rule 28(a)(8)(A)'s requirements, which apply "equally to pro se litigants," "[i]ssues will be deemed waived if they are not

4

adequately briefed." *Garrett*, 425 F.3d at 841 (internal quotation marks omitted). "When a pro se litigant fails to comply with [Rule 28(a)(8)(A)], we cannot fill the void by crafting arguments and performing the necessary legal research." *Id.* (brackets and internal quotation marks omitted). Moreover, the wholesale failure to raise an issue on appeal results in waiver. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely . . . decline[] to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (explaining that issue not raised in opening brief is waived).

In his opening brief, Magluta advances no cognizable challenge to the district court's rulings in the orders granting the two motions to dismiss or its order granting the motion for partial summary judgment.[2] What arguments he does make involve allegations that defendants interfered with his ability to prosecute this case and that the district court violated his due process rights by failing to respond when he informed the court about the interference and by granting his attorneys' motions to withdraw without first obtaining a response from him. But he has not suggested those actions have prevented him from briefing any issues regarding the district court's dispositive orders. We therefore conclude that because of his deficient

---

[2] In their response brief, defendants pointed out this shortcoming, but Magluta did not address it in his reply.

appellate briefing, he has waived appellate review of those orders. Given this waiver, we need not reach his arguments that the district court erred in other respects.

### III. **Conclusion**

The district court's judgment is affirmed.

Entered for the Court


Mary Beck Briscoe
Circuit Judge