**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 9, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

HARIT UMESH VORA,

    Plaintiff - Appellant,

v.

KEITH DIONNE, Casma Therapeutics,
CEO; MARK LEVIN, Third Rock
Ventures, Founder,

    Defendants - Appellees.

No. 23-1090
(D.C. No. 1:22-CV-00572-CNS-MDB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **MATHESON**, and **EID**, Circuit Judges.

_____

Harit Umesh Vora appeals the district court's dismissal of his action against

defendants Keith Dionne and Mark Levin for lack of personal jurisdiction.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

Mr. Vora was formerly employed by Casma Therapeutics, Inc., in Massachusetts. After his employment ended, he moved to Colorado. He then sued two individuals associated with Casma Therapeutics in federal district court in Colorado. He asserted claims related to his former employment and to subsequent alleged conduct by defendants.

Defendants moved to dismiss Mr. Vora's action under Federal Rule of Civil Procedure 12(b)(2), arguing the district court lacked personal jurisdiction over them. They asserted that they are Massachusetts residents who own no property in Colorado, have no personal residence or business office in Colorado, and conduct no regular business in Colorado. A magistrate judge recommended that the motion be granted ("Recommendation").

Mr. Vora filed timely objections to the Recommendation. The district court concluded his objections primarily addressed the merits of his claims. And although Mr. Vora included some references to the Recommendation's jurisdictional analysis, it found his objections were not sufficiently specific to trigger de novo review. Discerning no clear error in the Recommendation's comprehensive and well-reasoned analysis, the district court adopted it and dismissed Mr. Vora's action without prejudice for lack of personal jurisdiction.

## II.    Discussion

We review de novo the district court's dismissal of Mr. Vora's action for lack of personal jurisdiction. *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir.

2

2011). Because he proceeds pro se, we liberally construe Mr. Vora's filings, but we do not act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

### A.    Firm Waiver Rule

Defendants contend that Mr. Vora waived appellate review by failing to object to the Recommendation with sufficient specificity. We have adopted a firm waiver rule under which a party's failure to timely object to a magistrate judge's recommendation results in a waiver of appellate review of both factual and legal questions. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). Not only must a party make a timely objection to preserve appellate review, his objections must also be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Defendants initially argue that Mr. Vora's objections focused entirely on the merits of his claims. But they acknowledge that he did also address personal jurisdiction. Based on our liberal review of Mr. Vora's objections, we conclude they were sufficiently specific to avoid a waiver of appellate review of the district court's dismissal for lack of personal jurisdiction. While it is true that Mr. Vora organized his objections based upon his claims and that most of his objections related to the merits of those claims, he also addressed the Recommendation's jurisdictional ruling.

Mr. Vora made the following assertions in his objections, which we construe as related to the personal jurisdiction analysis in the Recommendation:

3

- Defendants' alleged tortious interference "carried over" into Colorado. R., Vol. 2 at 7, 8[1]; *see also id.* at 13-14.

- The fiduciary shield doctrine cannot protect defendants from an exercise of personal jurisdiction by the district court. *See id.* at 8.

- His former employment relationship with defendants satisfied due process and the Colorado long-arm statute. *See id.* at 8-9.

- Statements made in Colorado, or to him in Colorado, by a person other than the defendants supported jurisdiction in Colorado. *See id.* at 9, 21.

- Enforcement of a noncompete provision by defendants resulted in sustained or minimum contacts with him in Colorado, impacting his ability to seek employment and his professional standing in Colorado. *See id.* at 11.

- His inability to find work in Colorado has a significant bearing on jurisdiction. *See id.* at 16.

- Although defendants do not occupy Colorado, their contractual obligations span the United States, "suggesting national personal jurisdiction." *Id.* at 11.

- A "Forum Selection Clause" in a contract between him and defendants may weigh on the issue of personal jurisdiction. *Id.* at 15, 17-19.

- Patent assignments by him to defendants occurred in Colorado. *See id.* at 17.

---

[1] In his objections, Mr. Vora sometimes referred to "the 10th district," R. at 7, 8, which we take to mean Colorado.

- The magistrate judge failed to apply the Supreme Court's five-factor test to determine whether traditional notions of fair play are applicable in this case. *See id.* at 21.

Because these objections were not lacking in specificity, we decline to apply the firm waiver rule to conclude that Mr. Vora entirely waived review of the jurisdictional issue on appeal. This is not a case where an appellant made only a general objection, or made an objection irrelevant to the pertinent ruling, yet attempts to challenge that ruling on appeal. *See, e.g., One Parcel of Prop.*, 73 F.3d at 1060 & n.2. Moreover, that Mr. Vora's contentions may have lacked merit does not mean that they also lacked the necessary specificity to preserve appellate review.

We note, however, that Mr. Vora cannot raise on appeal issues that he did not include in his objections to the Recommendation. *See Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 nn.1-2 (10th Cir. 2008).

## B.    Personal Jurisdiction

As the plaintiff, Mr. Vora bore the burden of establishing personal jurisdiction. *See Shrader*, 633 F.3d at 1239. Because Colorado's long-arm statute extends jurisdiction to the full extent allowed by the Constitution, the district court considered whether its exercise of personal jurisdiction over defendants would comport with the requirements of federal due process. *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). Mr. Vora did not contend that defendants had "continuous and systematic contacts" with Colorado resulting in general jurisdiction over them. *Shrader*, 633 F.3d at 1239 (internal quotation marks

omitted).  The court therefore focused on the question whether it had specific jurisdiction over defendants based on minimum contacts.  *See id.*

Mr. Vora had to show (1) that defendants "purposefully directed" their activities at residents of Colorado, and (2) that his injuries arose out of defendants' Colorado-related activities.  *Id.* (internal quotation marks omitted).  Purposeful direction requires actions by a defendant that "create a substantial connection with the forum state."  *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1092 (10th Cir. 1998) (internal quotation marks omitted).  "Thus, courts have been unwilling to allow states to assert personal jurisdiction over foreign defendants where the defendant's presence in the forum arose from the unilateral acts of someone other than the defendant."  *Id.*; *see also Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010) ("The purpose of this requirement is to ensure that a defendant will not be subject to the laws of a jurisdiction solely as the result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." (brackets and internal quotation marks omitted)).

The district court held that Mr. Vora failed to establish that defendants had sufficient contacts with Colorado to satisfy the requirements for specific jurisdiction. It therefore dismissed his action without prejudice for lack of personal jurisdiction over defendants.

Mr. Vora's pro se appeal brief is difficult to decipher, but liberally construing it we conclude that he challenges the district court's jurisdictional ruling.  He appears to argue, as he did in his objections to the Recommendation, that personal

6

jurisdiction is supported by: (1) the transfer of intellectual property, *see* Aplt. Br. at 6, 7; (2) his ongoing communications with defendants, *see id.* at 7; (3) his previous employment relationship, *see id.*; and (4) the defendants' alleged tortious interference, *see id.*

The district court rejected Mr. Vora's contention that his relocation from Massachusetts to Colorado, his previous employment by defendants in Massachusetts, his transfer of intellectual property to defendants, and their continued contacts with him were sufficient to demonstrate that defendants had minimum contacts with Colorado. The court held that "[n]one of these activities purportedly giving rise to the harm alleged by Mr. Vora . . . appears to have been directed at Colorado, and the mere fortuity that [he] resides in Colorado is insufficient to create personal jurisdiction." R., Vol. 1 at 180.

Mr. Vora fails to show error in this holding. For the court to have personal jurisdiction over defendants, he cannot be the only link between defendants and Colorado. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014). "To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 286. Rather, a defendant's relationship with the forum state "must arise out of contacts that the defendant *himself* creates with the forum state." *Id.* at 284 (internal quotation marks omitted).

7

Mr. Vora also appears to assert that defendants' alleged tortious interference resulted in them having purposeful minimum contacts with Colorado.[2] We construe this contention as asserting that Mr. Vora's place of injury in Colorado supports personal jurisdiction. He is correct that the place of injury can be relevant to personal jurisdiction. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1031-32 (2021). But unlike the defendant in *Ford Motor Co.*, defendants here do not have "a veritable truckload of contacts" with the forum state. *Id.* at 1031; *see also id.* at 1026 (noting defendant's concession it had purposefully availed itself of the privilege of conducting business in the forum states). And Mr. Vora also fails to develop his tortious-interference argument sufficiently to demonstrate that defendants established minimum contacts in Colorado. He does not point to any facts, *see* Aplt. Br. at 7, much less facts showing that his alleged injury in Colorado is any less attenuated and fortuitous than defendants' other limited contacts that resulted from Mr. Vora's unilateral decision to relocate to Colorado. He therefore fails to show error in the district court's jurisdictional holding on this basis.

---

[2] There is some question whether Mr. Vora properly raised this contention in the district court. *See Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012) ("An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling." (internal quotation marks omitted)). Mr. Vora never mentioned "tortious interference" in his response to defendants' motion to dismiss. Although he did refer to "blacklisting," R., Vol. 1 at 114, and the magistrate judge noted that assertion, *id.* at 172, the judge did not discuss it in the jurisdictional analysis. And while Mr. Vora did assert tortious interference in his objections to the Recommendation, a party may not raise an issue for the first time in objections. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (declining to address argument first made in objections to magistrate judge's recommendation). Despite this uncertainty, we choose to address this issue.

**III.    Conclusion**

We affirm the district court's judgment.

Entered for the Court

Allison H. Eid
Circuit Judge