**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ROY BROWN,

    Petitioner - Appellant,

v.

ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO; MAJOR HORTON,
Warden,

    Respondents - Appellees.

No. 23-2081
(D.C. No. 2:21-CV-01043-JB-JFR)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **EID**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Roy Brown, a New Mexico state prisoner proceeding pro se, seeks a certificate

of appealability (COA) to challenge the district court's denial of his petition for

habeas corpus relief under 28 U.S.C. § 2254.  We deny a COA.

I.

Much of the background of Mr. Brown's conviction is set out in *State v.*

*Brown*, No. A-1-CA-37337, 2020 WL 2104815 (N.M. Ct. App. Apr. 23, 2020)

(unpublished).  The underlying events occurred the night of June 15–16, 2016, in

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Roosevelt County, New Mexico.  Law enforcement officers were called to a residence where a victim reported being physically and sexually assaulted before escaping to a neighbor's to call for help.  She gave a description of her attacker, and officers found Mr. Brown outside the victim's residence, barefoot and wearing a tank top and boxer shorts.  He matched the general description given by the victim and had scratches on his body consistent with her report of scratching her attacker.

Officers arrested Mr. Brown on the scene.  Following a criminal investigation, he was indicted and then convicted by a jury of two counts of criminal sexual penetration; aggravated battery; aggravated burglary; and resisting, evading or obstructing an officer.  The trial court sentenced him to 44 years' imprisonment.  On direct appeal, the New Mexico Court of Appeals affirmed and the New Mexico Supreme Court denied certiorari.  His state habeas application was summarily dismissed and the New Mexico Supreme Court declined to review that dismissal.

Mr. Brown filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 raising three issues:  (1) "Sufficiency of DNA Evidence," R. vol. I at 23–25; (2) "Newly Discovered Evidence," *id.* at 26–27; and (3) "Ineffective Assistance of Counsel," *id.* at 28–29.  A United States Magistrate Judge determined no evidentiary hearing was warranted under 28 U.S.C. § 2254(d) and entered proposed findings and a recommended disposition (the PFRD).  R. vol. II at 501–24.  The PFRD recommended the district court deny Mr. Brown's petition and deny a COA.  The district court reviewed the PFRD de novo; overruled Mr. Brown's objections to it;

2

adopted the PFRD in its entirety; denied Mr. Brown's petition; and denied a COA. R. vol. II at 539–52. Mr. Brown then filed the application for a COA now before us.

## II.

To appeal the dismissal of his § 2254 petition, Mr. Brown must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To do so, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Our analysis of a request for a COA accounts for the deferential treatment afforded state court decisions by the Antiterrorism and Effective Death Penalty Act (AEDPA). *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). When a claim has been adjudicated on the merits in a state court, a federal court may grant habeas relief only if the petitioner establishes the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).[1]

---

[1] Because Mr. Brown proceeds pro se, his filings "are . . . construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotation marks omitted). However, the court will not act as

Mr. Brown's COA application recites all three claims raised in his § 2254 petition but presents arguments only as to the issues addressed below. Other issues that were included in his petition and resolved at the district court but not included in the COA application are waived. *See Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

### A.  First Claim—Sufficiency of DNA Evidence

Mr. Brown first contests the sufficiency of the evidence, particularly the DNA evidence. Under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), evidence is sufficient to sustain a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

As detailed by the district court, extensive trial evidence supported the jury's conviction. The victim testified she awakened to find herself being smothered, forcibly raped, and hit with a liquor bottle. Officers found Mr. Brown just outside her residence. The victim identified Mr. Brown as her attacker.[2] A nurse examiner testified the victim's injuries were consistent with forcible penetration. The

---

his advocate or "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Id.*

[2] The PFRD described the evidence as showing "[t]he victim positively identified [Mr. Brown] as her attacker." R. vol. II at 514. Mr. Brown objected to the PFRD's reliance on the victim's identification, and the district court overruled his objection. Other than vague attacks on the victim's credibility, he does not argue any error related to her identification in his COA application, *see* Aplt. Br. at 4–5, and has therefore waived any further challenge related to it. *See Tran*, 355 F.3d at 1266.

prosecution's forensic scientist testified that the victim's DNA was found on Mr. Brown's penis, hands, fingernails, and boxer shorts and that he was the major contributor of male DNA found on the victim's hand. The victim's DNA was also found on a Bacardi liquor bottle recovered from her bathroom, where she testified to hiding the bottle used to attack her, and video evidence showed Mr. Brown purchasing such a bottle earlier on the evening of the attack.

The district court found the evidence supporting Mr. Brown's convictions "compelling" and sufficient to support his convictions under the *Jackson* standard, noting a habeas court presumes the jury resolved any conflicts in the evidence in favor of the prosecution. *See* R. vol. II at 514 (citing *Matthews v. Workman*, 577 F.3d 1175, 1184 (10th Cir. 2009)); *see also id.* at 515 n.6.[3]

In his COA application, Mr. Brown criticizes various aspects of the evidence and argues the DNA evidence was "conflicting" and "should have exonerated [him]." Aplt. Br. at 4. His arguments include: that no male DNA was recovered from a swab of the victim's mouth, although she described being forced to perform oral sex on her attacker; that vaginal swabs from the victim showed DNA of other males but not Mr. Brown's; that the liquor bottle did not have his fingerprints or DNA on it; that the victim was allegedly dishonest about having had other sexual partners; and that documents were not admitted to corroborate the forensic expert's testimony that her

---

[3] The district court concluded Mr. Brown had not exhausted a sufficiency-of-the-evidence claim on direct appeal or in state habeas proceedings but addressed the claim without requiring further exhaustion because it found Mr. Brown had not raised a colorable constitutional claim on this basis. We agree.

test results were confirmed by other analysts. His arguments, at most, point to alleged gaps or conflicts in the evidence or competing inferences the jury might have drawn. These arguments do not show that the inculpatory evidence on which the jury relied was insufficient. *See Matthews*, 577 F.3d at 1184.

We do not find the district court's conclusion that the evidence—including the DNA evidence—was sufficient to support Mr. Brown's convictions under the *Jackson* standard to be either reasonably debatable or wrong.

### B. Second Claim—Newly Discovered Evidence

The second claim in Mr. Brown's § 2254 petition alleged newly discovered evidence, raising criminal proceedings against an investigating officer who testified at his trial and alleging the same officer was not certified for the taser device he used while arresting Mr. Brown. Mr. Brown's COA application vaguely references "proof of corruption from one of the prosecution[']s key witness[es]," but makes no argument as to how the district court erred in rejecting this claim. *See* Aplt. Br. at 4. Absent argument of error, any claim for relief on this basis is waived. *See Tran*, 355 F.3d at 1266; *Eizember v. Trammell*, 803 F.3d 1129, 1145 (10th Cir. 2015) ("[It is] settled law that insufficient briefing . . . will serve to waive an issue in this court even if it was fairly presented and preserved in the district court.").

### C. Third Claim—Ineffective Assistance of Counsel

In his habeas petition, Mr. Brown argued five grounds of alleged ineffective assistance of counsel, but his COA application includes only two. Neither warrants relief, and the other grounds are waived. *See Tran*, 355 F.3d at 1266.

6

1.  Discovery Materials

Mr. Brown argued in his § 2254 petition that his counsel denied him access to discovery materials, and in his COA application he maintains he lacks "sufficient discovery material" and "is still . . . collecting further material which was not presented at trial." Aplt. Br. at 5.  The district court rejected this claim, noting Mr. Brown had not identified how any allegedly missing materials affected his constitutional rights.  Similarly lacking, the conclusory argument in his COA application does not indicate what materials he claims are missing or how they might affect his constitutional rights.  The district court's denial of relief on this claim is not reasonably debatable or wrong.

Mr. Brown further argues in his COA application that "tests performed on the [victim]" after the attack contradict trial testimony indicating her injuries were consistent with forcible penetration.  *See* Aplt. Br. at 5.  He asserts the prosecution had materials related to such tests that he was not allowed to review, and he argues the "tests" show the trial testimony was unreliable.  However, Mr. Brown made no argument related to such "tests" at the district court.  Any claim on this basis is therefore waived.  *See Robert v. Austin*, 72 F.4th 1160, 1165 (10th Cir. 2023) ("Absent extraordinary circumstances, arguments raised for the first time on appeal are waived.  This is true whether the newly raised argument is a bald-faced new issue or a new theory on appeal that falls under the same general category as an argument presented [at the district court]." (citation and internal quotation marks omitted)).

7

2.  Alleged *Miranda* violation

In his COA application, Mr. Brown argues his trial counsel was ineffective in failing to challenge an "illegal interrogation" in which he was "never Mirandized." Aplt. Br. at 5.  The PFRD rejected this argument because an audio recording of Mr. Brown's interview with law enforcement clearly includes an advisement of his rights.  Mr. Brown did not object to that finding in the district court.  Under this court's firm waiver rule he has therefore waived any appellate review of this claim. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue . . . for appellate review.").[4]

III.

For the foregoing reasons, we deny a certificate of appealability and dismiss this matter.  Mr. Brown's motion to proceed without prepayment of costs or fees is granted.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[4] No exception to the firm waiver rule applies.  We make exceptions if a pro se party "has not been informed of the time period for objecting and the consequences of failing to object." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).  Here, the PFRD advised Mr. Brown he must file objections within fourteen days to preserve appellate review.

We may also make an exception in the "interests of justice." *Id.*  That analysis "is similar to reviewing for plain error." *Id.* at 1120.  As the district court correctly found, the interview began with an advisement of Mr. Brown's rights.  There is no plain error.