**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 28, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

OSCAR OROPEZA,

    Petitioner - Appellant,

v.

RICK MARTINEZ, Warden; RAUL
TORREZ, Attorney General of the
State of New Mexico,

    Respondents - Appellees.

No. 24-2102
(D.C. No. 2:20-CV-01235-KWR-KK)
(D. N.M.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

This case grew out of an allegation of sexual abuse. The defendant,

Mr. Oscar Oropeza, met an adult couple and visited them at their home.

During the visit, the couple's daughter reported improper touching; and the

defendant was arrested and convicted of sexually penetrating a child

under 13. N.M. Stat. Ann. § 30-9-11(D)(1). Mr. Oropeza sought habeas

relief in federal district court. With the denial of habeas relief,

Mr. Oropeza wants to appeal. To appeal, however, he needs a certificate of

appealability. 28 U.S.C. § 2253(c)(1)(A). We decline to issue the

certificate.

1. **We apply the standard for a certificate of appealability based on Mr. Oropeza's underlying burden in habeas proceedings.**

The standard for a certificate of appealability is ordinarily light, requiring Mr. Oropeza only to show that reasonable jurists could find his constitutional claims debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But we apply this standard against the backdrop of Mr. Oropeza's rigorous burden to justify habeas relief. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (stating that when deciding whether to grant a certificate of appealability, the court "look[s] to the District Court's application of [the Antiterrorism and Effective Death Penalty Act] to petitioner's constitutional claims and ask[s] whether that resolution was debatable amongst jurists of reason"). This burden is steep when the state appeals court has rejected the claim on the merits. In that circumstance, Mr. Oropeza must show that the state appeals court's decision was contrary to, or an unreasonable application of, Supreme Court precedent. 28 U.S.C. § 2254(d)(1). So when deciding whether to grant a certificate of appealability, we consider federal law's deference to the pertinent state appellate opinion. *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

2. **The claims of prosecutorial misconduct aren't reasonably debatable.**

Mr. Oropeza argues that the prosecutor committed misconduct by (1) failing to ask the trial court to require the couple and their daughter to take polygraph tests, (2) presenting perjured testimony, (3) making a false

2

statement in closing argument, and (4) stating in closing argument that "we know" what happened. Petitioner's Applic. for a Cert. of Appealability at 14.

### a.    Standard for prosecutorial misconduct

To obtain habeas relief, a petitioner must show that the prosecutor's misconduct was egregious enough to render the entire trial fundamentally unfair. *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999). To apply this standard, we consider the totality of the circumstances, including the strength of the evidence and cautionary steps taken by the judge. *Id.* at 1276; *Le v. Mullin*, 311 F.3d 1002, 1013 (10th Cir. 2002).

### b.    Polygraph examination

Mr. Oropeza argues that the prosecutor should have made his "accusers" take a polygraph test. R., Vol. 1 at 9. The district court rejected this argument.

The state courts didn't decide this claim,[1] so this argument would trigger de novo review. *Eaton v. Pacheco*, 931 F.3d 1009, 1019 (10th Cir. 2019). Under this standard of review, Mr. Oropeza's appellate argument isn't reasonably debatable: New Mexico law relieves witnesses of any

---

[1]    Mr. Oropeza didn't make this claim in state court, but the federal district court denied relief on the merits rather than order dismissal for failure to exhaust state court remedies. Mr. Oropeza asserts that this disposition violated his constitutional rights, but he doesn't explain this assertion.

requirement to take a polygraph test, N.M. R. Evid. 11-707(F), and we lack any federal case law suggesting that a court can force witnesses to take polygraph tests. In the absence of such case law, the district court's resolution of this claim isn't reasonably debatable.

### c.    Presenting perjured testimony

Mr. Oropeza also argues that the prosecutor presented perjured testimony from the couple. They testified that they were showering together when the girl knocked on the bathroom door and reported the touching. But the couple had told the police that the girl entered the bathroom while the woman was showering and the man was in the bedroom.

The state habeas court found that the testimony hadn't constituted perjury; and in an appeal, we would need to regard that finding as presumptively correct. *See* 28 U.S.C. § 2254(e)(1). The federal district court concluded that Mr. Oropeza hadn't rebutted that presumption, reasoning in part that

- the police report placed the man and woman in either their bedroom or their bathroom and

- the discrepancy had probably stemmed from different recollections rather than an intent to deceive anyone.

The district court's conclusion is not reasonably debatable, for inconsistencies in the couple's accounts don't prove perjury. *Knighton v. Mullin*, 293 F.3d 1165, 1174 (10th Cir. 2002).

4

**d.      Statement that the father was in the shower**

Mr. Oropeza also claims misconduct when the prosecutor said in closing that the only other male in the house, the father, had been showering with the mother. The state habeas court rejected the claim, and the federal district court concluded the state court's ruling hadn't conflicted with or unreasonably applied Supreme Court precedent. This conclusion wasn't reasonably debatable.

We can assume for the sake of argument that the remark wasn't fair. Still, not every unfair remark triggers a constitutional violation. *Neill v. Gibson*, 278 F.3d 1044, 1061 (10th Cir. 2001). So we must evaluate the remark in context, including the strength of the prosecution's case, to determine whether the remark could have tipped the scales in favor of a conviction. *Id.* In an appeal, we would need to consider whether the remark rendered the trial unfair enough to create a denial of due process. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

In an appeal, any reasonable jurist would conclude that the remark didn't constitute a denial of due process. The prosecutor's point was that the only male adult who could have committed the crime was Mr. Oropeza because the father hadn't been with the girl when the touching took place. The disagreement involves where the father had been. Was he in the parents' shower or in their bedroom? Either way, the father wouldn't have been with the girl because she wasn't in either the parents' shower or in

their bedroom. So even if the father had been in the bedroom rather than in the shower, the discrepancy wouldn't have affected the prosecutor's point. And without a dent in the prosecutor's point, Mr. Oropeza's appellate argument wouldn't be reasonably debatable.

### e.    Statement that "we know" what happened

Mr. Oropeza also alleges that the prosecutor improperly said "we know" what happened. But this allegation didn't appear in the habeas petition. That omission created a waiver, so the related appellate argument isn't reasonably debatable. *See Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015) (stating that an appellant's argument is waived if it wasn't in the habeas petition).

### 3.    The state-law argument isn't reasonably debatable.

Mr. Oropeza argues that the trial court should have granted his motion for a new trial based on state law. But habeas relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). So this argument isn't reasonably debatable.

### 4.    The arguments involving ineffective assistance aren't reasonably debatable.

Mr. Oropeza claims that his attorneys were ineffective at the trial, the sentencing, and the direct appeal. In an appeal, Mr. Oropeza would need to show that the attorney was deficient and that the deficiency

resulted in prejudice to the defense. *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011).

### a.    Polygraph examinations

Mr. Oropeza argues that his attorney should have moved to compel his accusers to take polygraph tests. But Mr. Oropeza doesn't say how the attorney could have supported such a motion. If the attorney had filed such a motion, state and federal law would have rendered relief unlikely. *See* N.M. R. Evid. 11-707(F) (prohibiting a requirement to take a polygraph examination); *United States v. Scheffer*, 523 U.S. 303 (1998) (upholding a prohibition on polygraph evidence under military law). With no cited legal support, Mr. Oropeza hasn't presented a reasonably debatable argument as to his attorney's failure to seek polygraph testing.

### b.    Failure to appeal the denial of a motion to dismiss based on pretrial delay

In state court, Mr. Oropeza sought dismissal, claiming that he had to wait too long for the trial to start. The state court rejected this claim, and Mr. Oropeza argued in federal court that his attorney should have appealed this ruling. The magistrate judge rejected this argument, and Mr. Oropeza didn't object. Without an objection, the district judge adopted the recommendation and rejected the argument involving trial counsel's failure to appeal the denial of a speedy trial.

Mr. Oropeza wants to appeal this ruling. But we generally reject appellate arguments when the party fails to appeal a magistrate judge's unfavorable report. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Mr. Oropeza hasn't provided any reason to disregard his failure to object to the magistrate judge's report. As a result, Mr. Oropeza's appellate argument isn't reasonably debatable.

### c.    Cross-examination of the girl and her parents

At trial, Mr. Oropeza's attorney cross-examined the girl and her parents. In habeas proceedings, however, Mr. Oropeza has claimed that the attorney should have also pressed the girl and her parents about

- the girl's location when reporting the incident to her parents and

- an inconsistency in the mother's statements.

The federal district court rejected this claim, reasoning that the proposed questioning would not have helped.

Mr. Oropeza doesn't say why he disagrees with this ruling. With no such explanation, Mr. Oropeza hasn't presented a reasonably debatable argument.

### d.    Advisement not to testify

Mr. Oropeza claims that he wanted to testify but was told *no* by his attorney. The state court rejected the basis of this claim, finding that

- Mr. Oropeza hadn't expressed a desire to testify and

8

- his attorney had advised against testifying but left that decision to Mr. Oropeza.

These factual findings are presumptively correct, and Mr. Oropeza hasn't rebutted that presumption. *See* 28 U.S.C. § 2254(e)(1).

Crediting the district court's findings, we review the ruling on counsel's effectiveness of counsel when advising Mr. Oropeza not to testify. Mr. Oropeza states that he had wanted to testify that

- he had been drinking on the night in question,

- he had accompanied the parents to their home, and

- he had just changed clothes before being kicked out of the house.

If Mr. Oropeza had testified about these matters, he would have faced possible impeachment.

Given that possibility, reasonable attorneys might disagree on whether to advise Mr. Oropeza to testify. But no judge could legitimately question the reasonableness of the attorney's advice against testifying. *See Cummings v. Sirmons*, 506 F.3d 1211, 1230 (10th Cir. 2007) (rejecting a claim of ineffective assistance based on advice against testifying in order to protect the defendant from damaging cross-examination). As a result, Mr. Oropeza's appellate argument isn't reasonably debatable.

e.    **Reviewing the record**

In habeas proceedings, Mr. Oropeza also faults the defense attorneys handling the sentencing and the appeal, claiming that the attorneys hadn't

9

adequately reviewed the record. The state habeas court rejected this claim, reasoning that Mr. Oropeza hadn't shown prejudice.

He wants to appeal this ruling, but he hasn't identified any meritorious arguments that the attorneys could have raised. We thus conclude that Mr. Oropeza hasn't presented a reasonably debatable argument involving the attorneys' review of the record.

* * *

Given the absence of a reasonably debatable argument, we

- deny Mr. Oropeza's request for a certificate of appealability and

- dismiss this matter.

Entered for the Court


Robert E. Bacharach
Circuit Judge